# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETS

_____
)
**EUGENE J. WHITE and SHAWN M. ROY,**  )
**Individually and on Behalf of all Others**  )
**Similarly Situated,**  )
       **Plaintiffs,**  )
  )     **CIVIL ACTION**
**v.**  )     **No. 15-40013-TSH**
  )
**JEROME A. CHASE, JR., as he is the Trustee**  )
**Of Framingham Ford Defined Benefit Pension**  )
**Plan Trust Agreement, Adopted in 2002 and**  )
**Again in 2004,**  )
       **Defendant.**  )
_____)

## ORDER
### January 27, 2016

**HILLMAN, D.J.**

### Background

Eugene J. White and Shawn M. Roy ("Plaintiffs") have filed a First Amended Class

Action Complaint (Docket No. 13)("Amended Complaint") against Jerome A. Chase, Jr.

("Defendant"), as Trustee of the Framingham Ford Defined Benefit Pension Plan Trust

Agreement, Adopted in 2002 and Again in 2004 ("Plan"), alleging claims for: (1) Improper,

Untimely and Inadequate Notice under ERISA Section 204(h), 29 U.S.C. § 1054(h)("Section

1054(h)) (Count I), as the result of the Defendant terminating/amendment of the Plan without

proper notice; (2 ) violation of ERISA Section 402, 29 U.S.C. § 1102 ("Section 1102"), as the

result of Defendant implementing the Plan termination "without written Plan Document"; (3)

breach of fiduciary duty, in violation of ERISA Section 404, 29 U.S.C. § 1104 (Count III); and

(4) Intentional/Negligent Interference with Attainment of Benefits, in violation of ERISA

Section 510, 29 U.S.C. § 1140 (Count IV).  In the Amended Complaint Plaintiffs request that the

Court: (1) declare that the Defendant's termination of freezing of Plan benefits in 2007 violated ERISA notice and documentation provisions and constituted a breach of fiduciary duty; (2) declare that as a result of the Defendant's failure to provide the proper ERISA notice and documentation, the freeze of benefits under and termination of the Plan was not effective, and will not become effective until Defendant complies with such requirements; (3) order Defendant to pay interest and attorneys' fees and expenses to Plaintiffs; and (4) award such other equitable and remedial relief as deemed appropriate.

This matter was referred by this Court to Magistrate Judge Hennessy for ruling on Defendant's Motion To Dismiss First Amended Complaint (Docket No. 15).   Magistrate Judge Hennessy issued a Report and Recommendation, dated October 28, 2015 ("*R&R*"), which recommends that this Court *grant* the motion to dismiss as to Counts III and IV of the Amended Complaint, and *deny* the motion to dismiss as to Counts I and II of the Amended Complaint.  The Plaintiffs did not file an objection to the *R&R*; the Defendant has filed an objection to the R&R to the extent that it recommends denying the motion to dismiss Counts I and II of the Amended Complaint.  Plaintiffs did not file a reply to Defendant's objection.

No objection having been filed, the Court accepts and adopts the *R&R* to the extent that it recommends that Counts III and IV of the Amended Complaint be dismissed.  For the reasons set forth below, Defendant's motion to dismiss Counts I and II is *denied*.

## Discussion

If a party objects to the recommendation of a magistrate judge, "the court must 'make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.' 28 U.S.C. § 636(b)(1); *see also* Fed.R.Civ.P. 72. As to all other matters, the court 'may accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate judge.' 28 U.S.C. § 636(b)(1); *see also* Fed.R.Civ.P. 72. *Kelly v. Cort Furniture*, 717 F.Supp.2d 120, 123 (D.Mass. 2010).

The magistrate judge determined that Counts I and II, are, in essence, claims for benefits and therefore, governed by Massachusetts six year statute of limitations applicable to contract actions.[1]  He then determined that the statute of limitations did not begin to run until the cause of action accrued, which occurred either on November 30, 2013 (when the alleged repudiation of benefits occurred), or has yet to occur since the Plaintiffs have yet to apply for benefits and been denied.  He found that under either scenario, these claims are timely.  Defendant asserts that the Amended Complaint does not assert a claim for benefits or seek to recover benefits and therefore, the magistrate judge erroneously determined that these claims are akin to a breach of contract claim under Massachusetts law.  Defendant argues that instead, in Counts I and II, Plaintiffs allege only that Defendant breached his fiduciary duty by: (1) violating Section 1054(h)[2] by failing to provide them notice of changes to the Plan in 2007; and (2) improperly

---

[1] ERISA does not provide a statute of limitations for benefit claims; instead, such actions are governed by the contract statute of limitations of the state in which the claim is brought.  The most analogous statute of limitations for ERISA benefit claims is Massachusetts six year statute of limitations applicable to contract actions. *See Riley v. Metro. Life Ins. Co.*, 744 F.3d 241, 244 (1st Cir.) *cert. denied*, 135 S. Ct. 94 (2014)( ERISA does not provide statute of limitations with respect to actions  for unpaid benefits from non-fiduciaries under its civil enforcement provision; Federal courts "borrow the most closely analogous statute of limitations in the forum state." and most closely analogous statute of limitations is the six-year period Massachusetts applies to breach of contract claims).

[2] At the time of the alleged Plan amendment, Section 1054(h) provided, in relevant part, as follows:

**(1)** An applicable pension plan may not be amended so as to provide for a significant reduction in the rate of future benefit accrual unless the plan administrator provides the notice described in paragraph (2) to each applicable individual (and to each employee organization representing applicable individuals) and to each employer who has an obligation to contribute to the plan.

**(2)** The notice required by paragraph (1) shall be written in a manner calculated to be understood by the average plan participant and shall provide sufficient information (as determined in accordance with regulations prescribed by the Secretary of the treasury) to allow applicable individuals to understand the effect of the plan amendment.

….

3

implementing the termination of the Plan, in violation of Section 1102.  Defendant further argues that given that these claims are for breach of fiduciary duty they must be dismissed for the same reasons as Count III.

In their opposition to the Defendants' motion to dismiss, the Plaintiffs cited to ERISA's "Limitations of Action" provision, 29 U.S.C. §1113, referring to it as the "critical statute in question." *Pls' Opp. To Def's. Mot. To Dismiss Their First Amended Comp.* (Docket No. 17), at pp. 1-2.  Section 1113 provides:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty or obligation under this part, or with respect to a violation of this part, after the earlier of—
>
> > (1) six years after (A) the date of the last action which constituted a party of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or

---

(6)(A) In the case of any egregious failure to meet any requirement of this subsection with respect to any plan amendment, the provisions of the applicable pension plan shall be applied as if such plan amendment entitled all applicable individuals to the greater of

(i) the benefits to which they would have been entitled without regard to such amendment, or

(ii) the benefits under the plan with regard to such amendment.

(B) For purposes of subparagraph (A), there is an egregious failure to meet the requirements of this subsection if such failure is within the control of the plan sponsor and is

(i) an intentional failure (including any failure to promptly provide the required notice or information after the plan administrator discovers an unintentional failure to meet the requirements of this subsection),

(ii) a failure to provide most of the individuals with most of the information they are entitled to receive under this subsection, or

(iii) a failure which is determined to be egregious under regulations prescribed by the Secretary of the Treasury.

29 U.S.C.A. § 1054 (West)

(2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation,

Except that I the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

Plaintiffs argue that their claims are timely because the applicable statute of limitations was tolled by fraud or concealment and therefore, the statute of limitations did not start to run until November 30, 2013.  At the conclusion of their opposition, Plaintiffs make a passing reference to a six year statute of limitations for contract claims and make a somewhat vague and undeveloped argument that a claim for benefits can be "inferred" from the facts asserted in the Amended Complaint.  However, I do not read Counts I and II as asserting claims for benefits.  Instead, they assert claims only for violation of Section 1054(h)'s notice requirement and Section 1102's requirement of a written instrument. Furthermore, given the gravamen of Plaintiffs' argument, I find that they agree with the Defendants that the statute of limitations is that applicable to claims for breach of fiduciary duty.[3]

The issue then becomes when did the statute of limitations accrue, and whether Plaintiffs are correct that their claims are timely in any event as the result of Defendant's fraudulent concealment.  I agree with the magistrate judge that Plaintiffs have not adequately pled fraudulent concealment.  *See R&R,* at pp. 8-10.  The questions of when Plaintiffs' claims accrued

---

[3] Courts addressing claims brought pursuant to Section 1054(h) have tended treated them as non-fiduciary claims where there is a corresponding claim for benefits, although there does not appear to be a clear consensus as to the analogous state law limitation period. *See e.g. Romer v. Allstate Corp.*, 404 F.3d 212 (3<sup>d</sup> Cir. 2005)(Where Section 1054(h) claims is intrinsic to plaintiff's Section 1054(g) claim which involves complex issues of statutory interpretation, Court will apply Pennsylvania's catch all limitations period; Court does not decide what period of limitations would apply if plaintiff asserts independent Section 1054(h) claim); *Hakim v. Accenture United States Pension Plan*, 656 F.Supp.2d 801 (N.D.Ill. 2009)(where plaintiff brings Section 1054(h) claims seeking recalculation of benefits due, most analogous statute of limitations is state statute of limitation for written contracts); *see also Calder v. SBC Pension Ben.Plan,* 549 F.Supp.2d 824 (W.D.Tex. 2008)(noting that a Section 1054(h) may be pled *either* as a breach of fiduciary claim for failure to provide notice or a benefits claim for erroneous application of amendments to plaintiff; Court determined in instant case, claim was one for benefits).

is a question of fact which cannot be resolved on this record.  More specifically, as to Counts I and II, Plaintiffs' claims accrued on the day that they knew or should have known that an amendment to the Plan  had an effect that triggered the notice requirement under Section 1954(h), or compliance with Section 1102.  *See Romero*, 404 F.3d at 225 (would make no sense for "notice" claim to accrue before plaintiff knew or should have known that an amendment has the effect which triggers notice requirement; consequently, federal discovery rule applies to determine date of accrual).  Therefore, Defendant's motion to dismiss Counts I and II must be denied.

Because I find that the Amended Complaint cannot fairly be read to assert claims for benefits under Counts I and II, I am not at this time adopting the reasoning of the magistrate judge in finding that those claims are timely.  That being said, since the Amended Complaint *alleges* that Plaintiffs *never* received notice of the 2007 Plan amendment, they *never* received copies of the Summary Plan Description, and the amendments were implemented without written "Plan Document," the Court cannot find at this stage of the proceedings that the claims are time barred, regardless of what limitations period applies.  Instead, the Court will reconsider this issue on summary judgment on a more factually developed record.[4]

Defendant also objects to the magistrate judge's recommendation to deny dismissal of Count I on the merits.  I agree with the magistrate judge's conclusion that for purposes of Defendant's motion to dismiss, Plaintiffs have stated a plausible claim for violation of Section

---

[4] To the extent that the R&R can be read to make a factual findings that an alleged repudiation of benefits and/or the very existence of the Plan first occurred or was made known to plaintiffs on November 30, 2013, or that no application for benefits to had been made and/or formally denied to date, those factual findings were made in the context of presuming the facts in favor of the Plaintiffs for purposes of the Defendant's motion to dismiss.  For that reasons, such factual findings are not in any way binding on either party going forward.

1054(h). *See R&R*, at pp. 13-14.  At the same time, based on the Plaintiffs' allegations, the Court is skeptical whether this claim can survive a motion for summary judgment.

## Conclusion

For the foregoing reasons, the Report and Reccomendation of the Magistrate Judge dated October 28, 2015 is accepted and adopted as to the dismissal of Counts III and IV of the Amended Complaint.  Defendant's motion to dismiss Counts I and II is denied, for the reasons provided herein.

**/s/  Timothy S. Hillman**
TIMOTHY S. HILLMAN
DISTRICT JUDGE