UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EUGENE J. WHITE and SHAWN M. ROY,
Individually and on Behalf of all Others
Similarly Situated

    *Plaintiffs*

v.

JEROME A. CHASE, JR., as he is the Trustee
of Framingham Ford Defined Benefit Pension
Plan Trust Agreement, Adopted in 2002 and
again in 2004,

    *Defendant*

Civil Action No.
14:15-cv-40013(TSW)

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

COME NOW Eugene J. White and Shawn M. Roy, Plaintiffs in this civil action, and hereby oppose the Defendant's Motion to Dismiss, or, in the Alternative, for Summary Judgment, filed by the above-captioned Defendant, Jerome A. Chase, Trustee of Framingham Ford Defined Benefit Pension Plan Trust Agreement. In support of this Opposition, the Plaintiffs state that the claims asserted in their Second Amended Complaint are not barred by the applicable statute of limitations— based both on the facts pleaded in the Second Amended Complaint and set forth in the affidavits already before the Court. In further support of this Opposition, the Plaintiffs state as follows:

PLEADED FACTS

Framingham Auto Sales, Inc., d/b/a Framingham Ford/Lincoln, operated a company-wide defined benefit pension plan to its employees, which since its establishment offered plan participants annuities at retirement. The annuities were determined under a formula based on years of participation in the plan and a percentage of average compensation paid during a specified period. (*See* Second Amended Complaint at ¶12.)

The Framingham Ford pension plan was administered through the Framingham Ford Defined Benefit Pension Plan Trust. (*See* Second Amended Complaint at ¶¶2-5.) The Framingham Ford Pension Plan Trust is governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"). The Defendant, Jerome A. Chase, Jr. is the Trustee of the Framingham Ford Defined Benefit Pension Plan Trust, and is the "Plan Administrator" as defined by ERISA. (*See* Second Amended Complaint at ¶¶2-5.)

The Plaintiffs were employees of Framingham Ford during the period that the Framingham Ford defined benefit pension plan was in effect. (*See* Second Amended Complaint at ¶16.)

In or about March of 2007, the Defendant purported to take steps designed to notify plan participants of the impending termination the Framingham Ford defined benefit pension plan that then existed. (*See* Amended Complaint at ¶13.) However, the Plaintiff, Mr. White, did not receive any such notice. (*See* Amended Complaint at ¶14 and Affidavit of Eugene White at ¶¶5-8.)[1]

Indeed, Mr. White did not at that time even know that there was a Framingham Ford defined benefit pension plan in which he was a participant. (*See* Second Amended Complaint at 17; White Affidavit at ¶¶5-8.) Mr. White only became aware of the existence of the pension plan when he voluntarily left the employment of Framingham Ford in November 2013. (*See* Second Amended Complaint at ¶¶16-23; White Affidavit at ¶¶5-8.)

<u>STANDARD OF REVIEW</u>

Fed. R. Civ. P. 12(b)(6) permits a defendant to file a motion to dismiss the complaint, in lieu of an answer, if the defendant asserts that the plaintiff has failed to state a claim upon which relief may be granted. In considering a motion to dismiss, the Court must take all "well-pleaded" facts in the complaint to be true and must draw all reasonable inferences in the plaintiff's favor. *See Conley*

---

[1] The Affidavit of Eugene J. White, filed in this case at Docket No. 11-1. Mr. White's affidavit testimony is contradicted by the Affidavit testimony of Julie Loud, who was the comptroller of Framingham Ford in 2007. (*See* Loud Affidavit at ¶2.)

*v. Gibson*, 355 U.S. 41, 45-48 (1957); *Feinstein v. Resolution Trust Corp.*, 942 F.2d 34, 37 (1st Cir. 1991); *see also McCloskey v. Mueller*, 446 F.3d 262, 266 (1st Cir. 2006).  The Court should exempt from its consideration, however, any "facts" that have been conclusively contradicted by the plaintiff's concessions or otherwise, and should not rely on any "bald assertions, unsupportable conclusions, and opprobrious epithets" in the complaint.  *See Feinstein*, 942 F.2d at 37, *citing Chongris v. Board of Appeals*, 811 F.2d 36, 37 (1st Cir. 1987).

In order to succeed on a motion for summary judgment, the Defendant must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Desmond v. Varrasso*, 37 F.3d 760, 763 (1st Cir. 1994).  In determining whether the Defendant has met these requirements, this Court must draw all reasonable inferences from the facts in the manner most favorable to the Plaintiffs.  *Id*.  In other words, the Defendant's Motion must be denied "unless no reasonable trier of fact could draw any other inference from the totality of the circumstances revealed by the undisputed evidence" other than that proposed by the Defendant.  *Blanchard v. Peerless Ins. Co.*, 958 F.2d 483, 488 (1st Cir. 1992).

## ARGUMENT

This Court determined that the two counts of the Plaintiffs' Second Amended Complaint are claims for breach of fiduciary duty, and are therefore subject to the six-year statute of limitations set forth in the ERISA statute.  29 U.S.C. § 1113. That statute provides:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty or obligation under this part, or with respect to a violation of this part, after the earlier of—
>
> (1) six years after (A) the date of the last action which constituted a party of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation,
>
> Except that I the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

The Defendant cannot show that he is entitled to either dismissal under Fed. R. Civ. P. 12(b)(6), or to summary judgment under Fed. R. Civ. P. 56, because both the facts pleaded in the Second Amended Complaint and testified to in the Affidavit of Mr. White establish that the his claim accrued no earlier than November 2013— when he discovered the Defendant's breach— and well within six years before this action was commenced. In other words, the principle question raised by the Defendant in this case— the question of when the Plaintiffs' causes of action accrued for limitations purposes—simply cannot be decided in the Defendant's favor at this time and on this record.

A. **A claim for breach of duty under ERISA accrues when the plaintiff "knew or should have known" of the breach.**

The Court should deny the Defendant's Motion because the claims raised by the claims raised by the Plaintiff did not accrue until he left his job at Framingham Ford in November 2013, and became aware for the first time that he was a participant in a defined benefit pension plan. *See Romero v. Allstate Corp.*, 404 F.3d 212, 225 (9th Cir. 2005). In *Romero*, the defendant Allstate Corp. made changes to the structure of its employment of sales agents, effectively converting those agents from employees to independent contractors over the course of a number of years. *See id.* at 219-20. As a part of that conversion, Allstate made significant changes to the ERISA-governed retirement plan in which those agents participated. Years later, those plan participants asserted claims against Allstate, claiming that Allstate violated ERISA by failing to give notice of the changes to the pension plan. *See id.* at 219. Allstate moved to dismiss the plan participants' complaint on the ground that the claims asserted were barred by the applicable statute of limitations because the complaint was filed more than six years after the pension plan changes were implemented. The Circuit Court rejected that argument, holding instead that the ERISA claim accrues only when the facts demonstrate that the plaintiff "knew or should have known that an amendment to the plan had an effect that triggered the ERISA notice requirement. *See id.* at 225. The Court therefore concluded:

> …[I]t may be that facts exist to demonstrate that plaintiffs knew or should have known that the [changes to the pension plan] had the effect which triggered the notice requirement at a time which would make render the subsequent assertion of [ERISA claims] untimely. Here, however, the Complaint alleges that notice of [changes to the pension plan] was not given, and further alleges no other facts from which to infer that plaintiffs otherwise knew or should have known the effect of the amendment on their benefits and, correspondingly, that they had not received the required notice. *Id.* at 225-26.

Likewise, the Complaint in this case asserts that the Plaintiffs did not receive the Section 204(h) Notice.[2] The allegations pleaded in the Complaint therefore do not establish facts sufficient to show that the Plaintiff knew or should have known about the changes to the Framingham Ford pension plan at a time that would make their Complaint in this matter untimely. *See id.* The Defendant's attempt to override the allegations in the Complaint with the affidavit of the Framingham Ford controller, and thus succeed under Fed. R. Civ. P. 56, are similarly unavailing. Ms. Loud testifies that she remembers "sending" the memorandum, and Mr. White testifies that he never received it. (*See* White Affidavit ¶¶6-8; Loud Affidavit ¶2.) The sending and receipt of the ERISA notice is therefore a disputed fact and cannot support judgment under Fed. R. Civ. P. 56 on the present record. *See Blanchard*, 958 F.2d at 488.

## B. Even if the Plaintiffs have not yet established that the Defendant's failure to give the proper notice was "egregious," the Plaintiffs nevertheless have an enforceable individual claim.

The Defendant notes that the Plaintiffs request that the Court treat the 2007 changes to the Framingham Ford pension plan as void requires that the Plaintiff show that the Defendant's failure to give notice of those changes was "egregious" within the meaning of the statute. 29 U.S.C. § 1054(h).

---

[2] Although the Defendant attempts to argue that the inclusion of a Memorandum purporting to give notice of the changes to the pension plan as an exhibit to the Second Amended Complaint shows that the notice was given, the Complaint clearly states that the document included in the exhibit was provided to Plaintiffs' counsel, years later, and that the Plaintiffs did not receive the memorandum.

-5-

In order to show that the Defendant's failure was "egregious," Plaintiff must show either that the failure to give notice was intentional, or that the Defendant failed to give notice to "most of the individuals with most of the information" required to be given. 29 U.S.C. § 1054(h)(6)(B). The Defendant has submitted, before any discovery has been taken in this case, an affidavit of the Framingham Ford comptroller stating that she remembers giving the required notice to all employees, and therefore seeks summary judgment on the grounds that the undisputed facts show that "most" employees received the notice. This approach is inequitable because all of the information relating both to the Defendant's intention, and with respect to who received the notice and when, is *entirely* within the control of the Defendant.

Before the Court considers summary judgment on this ground, Plaintiffs should be offered a meaningful opportunity to conduct discovery with respect to the Defendant's intention, and with respect to who received the requisite notice, and when that notice was received. *See Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 148-49 (1st Cir. 1994)(Due process requires that parties be ensured a reasonable access to discovery and a reasonable opportunity to present evidence.); *see also* Fed. R. Civ. P. 56(d). Defendant's request for summary judgment is therefore inappropriate at this time.

## CONCLUSION

The Court should deny the Defendant's Motion to Dismiss, or, in the Alternative, for Summary Judgment because the facts alleged in the Complaint, if proven, would establish that the Plaintiffs' claims in this case accrued in November 2013 and are therefore not time barred. In addition, the various affidavits before the Court establish that the delivery and receipt of the required notice is an issue of fact that is the subject of dispute, and cannot at this time be the basis for summary judgment. Finally, the Court should deny the Motion because, to the extent that it is a motion for summary judgment, it seeks judgment before the Plaintiff has had a reasonable opportunity to

discover facts that are within the exclusive control and knowledge of the Defendant and Framingham Ford.

Respectfully submitted,

        EUGENE J. WHITE and SHAWN M. ROY, Individually and on Behalf of All Others Similarly Situated

        By their attorneys,

        */s/ Evans J. Carter*
        Evans J. Carter (BBO#076560)
        Evans J. Carter, PC.
        P.O. Box 812
        Framingham, Massachusetts 01701
        (508) 875-1669
        Ejcatty1@verizon.net

Dated: August 19, 2016
      Framingham, Massachusetts

### CERTIFICATE OF SERVICE

I, Evans J. Carter, Esq. hereby certify that on the 19th day of August, 2016, I caused a copy of the foregoing document to be served by the Court's CM/ECF System on the following parties:

Stephen D. Rosenberg, Esq.
Caroline M. Fiore, Esq.
The Wagner Law Group
99 Summer Street
Boston, MA 02110

        *Evans J. Carter*
        Evans J. Carter