UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EUGENE J. WHITE and SHAWN M. ROY, )<br>Individually and on Behalf of all Others )<br>Similarly Situated, )<br>                Plaintiffs, )<br>)<br>  v.                        )<br>)<br>JEROME A. CHASE, JR., as he is the Trustee )<br>Of Framingham Ford Defined Benefit Pension )<br>Plan Trust Agreement, Adopted in 2002 and )<br>Again in 2004, )<br>                Defendant. )<br>_____) | CIVIL ACTION<br>NO. 4:15-40013-TSH |

**REPORT AND RECOMMENDATION**

**January 13, 2017**

Hennessy, M.J.

      By Order of Reference dated August 22, 2016 (Docket #33), and pursuant to 28 U.S.C. § 636(b)(1)(A), this matter was referred to me for a ruling on Defendant Jerome A. Chase Jr.'s Motion to Dismiss Second Amended Complaint Or, In The Alternative, For Summary Judgment (Docket #30). Plaintiffs Eugene J. White and Shawn M. Roy filed an opposition to the motion. (Docket #32). This matter is now ripe for adjudication. In consideration of the foregoing submissions and for the reasons that follow, I recommend that Defendant's Motion to Dismiss or for Summary Judgment (Docket #30) be denied.

I.      PROCEDURAL BACKGROUND

      Plaintiffs initiated this action by filing a Class Action Complaint with Demand for Jury Trial ("Original Complaint") on January 21, 2015. (Docket #1). On March 31, 2015, Defendant

1

moved, primarily on statute of limitations grounds, for dismissal of the Original Complaint. (See Docket #9-10). Plaintiffs' opposition essentially conceded that the Original Complaint, as pleaded, was time barred. (See Docket #11 at 1). Accordingly, Plaintiffs sought leave to amend their complaint to include additional allegations which, they argued, would render the action timely. (See Docket #11). On May 29, 2015, the Honorable Timothy S. Hillman granted Defendant's motion without prejudice and with leave for Plaintiffs to file an amended complaint. (Docket #12).

Shortly thereafter, Plaintiffs filed the First Amended Class Action Complaint ("FACAC"). As in the Original Complaint, Plaintiffs alleged in the FACAC that they (and others similarly situated)[1] suffered damages as a result of Defendant's March 14, 2007 cancelation, effective April 1, 2007, of an Employee Retirement Income Security Act ("ERISA") Pension Plan (the "Pension Plan") in which the Plaintiffs participated as employees of Framingham Ford ("Framingham"). (See Docket #13).

The thrust of Plaintiffs' allegations in the FACAC was that Defendant terminated the plan without providing timely notice to Plaintiffs. (Id. ¶¶ 13-15; see Docket #13-1). Plaintiffs alleged that they did not even know of the Pension Plan's *existence* until approximately November 30, 2013, when Plaintiff White voluntarily terminated his employment with Framingham. (Docket #13 ¶¶ 16-18). It was at that time that Plaintiff White (and other retired Framingham employees) first learned of the April 2007 plan freeze. (Id. ¶¶ 19-20). The FACAC further alleged that despite Plaintiffs' reasonable diligence, the existence of the Pension Plan was "inherently unknowable" until less than two years before the filing of the FACAC. (Id. ¶¶ 21, 23).

---

[1] The named and putative plaintiffs were employees of Framingham Auto Sales, Inc., d/b/a Framingham Ford Lincoln ("Framingham") and participants in Framingham's company-wide pension plan, which was first adopted in 2002 and again in 2004. (Docket #13 ¶¶ 2, 12).

Plaintiffs asserted four causes of action in the FACAC, contending that the Defendant: (1) improperly terminated the Pension Plan without providing adequate and timely notice of the termination, in violation of ERISA § 204(h), 29 U.S.C. § 1054(h) (Count I); (2) terminated the Pension Plan without a written Plan Document, in violation of ERISA § 402, 29 U.S.C. § 1102 (Count II); (3) breached his fiduciary duty by terminating the plan without a written Plan Document, in violation of ERISA § 404, 29 U.S.C. § 1104 (Count III); and (4) interfered with the Plaintiffs' attainment of benefits under the Pension Plan, in violation of ERISA § 510, 29 U.S.C. § 1140 (Count IV).  (See Docket #13 ¶¶ 24-30).

Defendant subsequently filed another Motion to Dismiss on June 26, 2015.  (Docket #15). As in his initial Motion to Dismiss, Defendant's primary arguments for dismissal were based on statute of limitations grounds.[2]  Defendant's second motion to dismiss, (Docket #15), was referred to me on July 31, 2015, (Docket #18).  I issued a Report and Recommendation on October 28, 2015, recommending that the Court deny the Defendant's Motion to Dismiss as to Counts I and II, and grant the motion as to Counts III and IV.  (Docket #19).

With regard to Counts I and II, I noted the muddled distinction and conceptual overlap between claims for benefits and claims for a breach of fiduciary duty.  (Id. at 5).  Against that backdrop, I found that, for purposes of the statute of limitations, Counts I and II were most aptly categorized as claims for benefits.  (Id.).  Because ERISA is silent on the statute of limitations for claims for benefits, I relied on the Massachusetts statute of limitation for contract actions, which is six years.  (Id. at 5-6).  I ultimately concluded that Counts I and II were timely regardless of the triggering mechanism for the statute of limitations because the claims either 1) first accrued on November 30, 2013—that is, when the alleged repudiation of benefits occurred; or 2) had not yet

---

[2] Defendant also attacked the merits of the first and fourth claims asserted against him.

3

accrued because there was no application for, or denial of, benefits. Id. at 6-7. Thus, I found that the filing of the Original Complaint in January of 2015 satisfied the statute of limitations in either instance.

With regard to Counts III and IV, I recommended that both counts be dismissed with prejudice. (Id. at 16). As to Count III—alleging a breach of fiduciary duty by failing to provide a written Plan Document—I concluded that, pursuant to the statute of limitations set forth in 29 U.S.C. § 1113(1), the Plaintiffs' third claim expired on March 14, 2013, unless the doctrine of fraudulent concealment tolled the statute of limitations.[3] (Id. at 8). The FACAC, however, failed to adequately plead two elements of fraudulent concealment; thus, I concluded that Count III was barred by the statute of limitations. (Id. at 8-12). Unlike Count III, I found that Count IV—alleging an interference with the Plaintiffs' attainment of benefits—was timely. Id. at 12. Despite that finding, I nonetheless recommended the dismissal of Count IV because the FACAC did not allege a retaliatory deprivation of benefits stemming from the termination of employment, given that Plaintiff White voluntarily terminated his employment with Framingham. (Id. at 15-16).

On January 27, 2016, the Honorable Timothy S. Hillman entered an order adopting my recommendation that the Motion to Dismiss should be denied as to Counts I and II and granted as to Counts III and IV of the FACAC. (Docket #22). With regard to the classification of Counts I and II, Judge Hillman concluded that, contrary to my recommendation, those counts asserted claims for a breach of the fiduciary duty, as opposed to claims for benefits. Id. at 5 & n.3. Building on that conclusion, Judge Hillman next addressed the issue of when the claims accrued pursuant to the statute of limitations applicable to claims for a breach of the fiduciary duty and found the following:

---

[3] The Original Complaint was filed on January 21, 2015. (Docket #1).

4

> The questions of when Plaintiffs' claims accrued is a question of fact which cannot be resolved on this record.  More specifically, as to Counts I and II, Plaintiffs' claims accrued on the day that they knew or should have known that an amendment to the Plan had an effect that triggered the notice requirement under [29 U.S.C. § 1054(h)], or compliance with [29 U.S.C. § 1102].  Therefore, Defendant's motion to dismiss Counts I and II must be denied.
>
> Because I find that the [FACAC] cannot fairly be read to assert claims for benefits under Counts I and II, I am not at this time adopting the reasoning of the magistrate judge in finding that those claims are timely.  That being said, since the Amended Complaint *alleges* that Plaintiffs *never* received notice of the 2007 Plan amendment, they *never* received copies of the Summary Plan Description, and the amendments were implemented without [a] written "Plan Document," *the Court cannot find at this stage of the proceedings that the claims are time barred, regardless of what limitations period applies*.  Instead, the Court will reconsider this issue on summary judgment on a more factually developed record.

Id. at 5-6 (fourth emphasis added) (internal citation omitted).

Following Judge Hillman's Order dismissing Counts III and IV and denying the motion to dismiss Counts I and II, on June 1, 2016, Plaintiffs filed a Second Amended Class Action Complaint ("SACAC"), (Docket #25), which is the operative complaint here and which alleges only Counts I and II.  On July 22, 2016, Defendant filed a third Motion to Dismiss, (Docket #30)—or, in the alternative, a Motion for Summary Judgment—on the bases that "(1) the remaining claims are time barred; and (2) lack any plausibility on their merits."  (Docket #31 at 2).

II.   STANDARD

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007) (citing Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999)).  Materials attached to a complaint, or incorporated by reference, are a part of the pleading itself, and the Court may consider them on a motion to dismiss. Trans-Spec Truck Serv. v. Caterpillar, 524 F.3d 315, 321 (1st Cir. 2008).  To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face.  Bell Atl. Corp. v. Twombly,

5

550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and alterations omitted).

III.   ANALYSIS

I recommend the denial of Defendant's Motion to Dismiss (Docket #30) because the arguments raised by Defendant in the instant motion fall squarely within the matters previously adjudicated by the Court. (See Docket #22). Contrary to Defendant's contentions that "Plaintiffs' Second Amended Complaint attempts to rectify a series of problems with Plaintiffs' original and . . . first amended complaints," (Docket #31 at 3), the SACAC is essentially identical to the previous complaint, with the exception that the dismissed counts have been omitted.[4] Thus, these exact allegations—which Defendant now challenges as, among other things, failing to satisfy the *Iqbal* or *Twombly* pleading standards—were previously asserted in the FACAC, and Defendant has already had an opportunity to challenge these contentions.

In any event, Judge Hillman has already ruled against Defendant on each of the dual grounds asserted in this motion, having previously found that (1) Plaintiffs' allegations are not time barred, (Docket #22 at 6), and (2) Plaintiffs have stated plausible claims on the merits, (Id.

---

[4] The only other differences are that the Plaintiff (1) added a prayer for relief that the Court "[d]eclare that the Plaintiffs are entitled to unpaid benefits under the plan," (Docket #25 at 6), and (2) made a jury demand, (Docket #25 at 7).

at 6-7). Defendant, in support of his purported procedural ability to file the instant Motion to Dismiss, argues that "the Court's January 27, 2016 [O]rder on the Defendant's [second] motion to dismiss determined the legal standards that govern the statute of limitations in the instant action," thereby opening the door for another motion to dismiss. (Docket #31 at 2 n.1). While it is true that the Court's Order conclusively established the applicable statute of limitations, the Order also unequivocally determined that the action is not time barred, as evidenced by the conclusion that "the Court cannot find at this stage of the proceedings that the claims are time barred, regardless of what limitations period applies."[5] (Docket #22 at 6). Similarly, despite being skeptical about whether the claims could survive a motion for summary judgment, Judge Hillman nonetheless found that "Plaintiffs have stated a plausible claim for violation of Section 1054(h)." (Id. at 6-7). In light of the fact that the principal bases[6] for Defendant's instant motion to dismiss have been definitively adjudicated by the Court, I recommend that the Motion to Dismiss (Docket #30) be denied.[7]

---

[5] This is, of course, putting aside the fact that Defendant had already raised an argument in his second Motion to Dismiss that Plaintiffs' claims were barred by the statute of limitations for breach of a fiduciary duty. (See Docket #15-1 at 6-7) (arguing that "Counts I and II—unless saved by the new allegations—are barred either by ERISA's statute of limitations for breach of fiduciary duty, or by the applicable state statute of limitations . . . ."). See infra n.7.

[6] On a related note, Defendant's challenges in the instant motion based on *Iqbal* and *Twombly* are also necessarily precluded by the previous Order. (Docket #22). Because the same factual contentions here were made in the FACAC—that is, the operative complaint underlying the Order (Docket #22)—Judge Hillman must have found, albeit implicitly, that those allegations were sufficient factual predicates. See Hamilton v. Partners Healthcare Sys., NO. 09-11461-DPW, 2016 U.S. Dist. Lexis 95416 (D. Mass. July 21, 2016) ("A court must . . . begin its analysis by 'identifying and disregarding statements in the complaint that merely offer 'legal conclusion[s] couched as . . . fact[]' or '[t]hreadbare recitals of the elements of a cause of action.'" (quoting Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011)) (alterations in original).

[7] It remains unclear to the undersigned how the instant motion can be characterized as anything other than an attempted second bite at the apple, so to speak. Defendant contends that "[a] motion to dismiss is properly filed in response to an amended complaint where grounds to dismiss become apparent after moving to dismiss an earlier version of the complaint." (Docket #31 at 2 n.1). The undersigned, however, finds remarkably unpersuasive the notion that the statute of limitation grounds "became apparent" as a result of

Finally, to the extent that the Defendant's motion is appropriately pled, in the alternative, as a Motion for Summary Judgment by virtue of having appended certain exhibits, I recommend that such motion be denied without prejudice. Pursuant to Fed. R. Civ. P. 56, a motion for summary judgment may be premature if there has not been adequate time for discovery. See Carll v. McCalin Indus., No. 00-233-M, 2001 U.S. Dist. LEXIS 9188, at *11 (D.N.H. June 12, 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). As Plaintiffs highlight in their opposition, (see Docket #32 at 6), given that Plaintiffs have not had any meaningful opportunity to conduct discovery—even limited discovery relative to the alleged dissemination and receipt of the plan freeze notice[8]—it would be premature for the Court to consider such a motion at this time.

## IV. CONCLUSION

For the foregoing reasons, I recommend that the Court deny Defendant's motion (Docket #30) because the grounds therefor have been previously adjudicated by this Court. To the extent that the motion is properly pled in the alternative as a Motion for Summary Judgment, I recommend that the motion be denied without prejudice as premature.[9]

---

the previous Order because (1) that argument was already addressed and conclusively decided by Judge Hillman's Order, (see Docket #22 at 6), and (2) in any event, Defendant has already raised an argument concerning the statute of limitations applicable to the breach of a fiduciary duty, see supra n.4. See also (Docket #10 at 7-8) ("Theoretically, the Plaintiffs could be electing to proceed on [Counts I and II] as breach of fiduciary duty claims. The complaint could be construed as alleging that the failure to issue proper plan notice prior to the 2007 freeze was a breach of the Defendant's fiduciary duty and that amending the Plan without a proper plan document violated the Defendant's fiduciary obligations as well. If so, then the claims would be barred by ERISA's statute of limitations for breach of fiduciary duty claims . . . ." (footnote omitted). Indeed, Defendant explicitly incorporated such argument in his motion underlying Judge Hillman's Order. (Docket #15-1 at 7) ("The Defendant refers the Court to his Memorandum in Support of his Motion to dismiss the original complaint for a full explanation of how the applicable statutes of limitations apply to these claims." (citing Docket #10)).

[8] For instance, Plaintiffs have not had an opportunity to depose the Framingham agents who allegedly sent out the plan freeze notice.

[9] The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 14 days of receipt of this Report and Recommendation. The written objections must identify with specificity the portions of the proposed

                                /S/ David H. Hennessy
                                David H. Hennessy
                                UNITED STATES MAGISTRATE JUDGE

---

findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72(b)(2). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140 (1985).