UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EUGENE J. WHITE and SHAWN M. ROY, Individually, and on Behalf of All Others Similarly situated. <br><br> Plaintiffs, <br><br> v. <br><br> JEROME K. CHASE, JR., as he is the Trustee of Framingham Ford Defined Benefit Pension Plan Trust Agreement, Adopted in 2002 and again in 2004. <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No: 4:15-cv-40013-TSH <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

FINDINGS AND ORDER ON DEFENDANTS MOTION FOR SUMMARY JUDGMENT

**Introduction**

The Plaintiffs, Eugene J. White (White) and Shawn M. Roy (Roy), on behalf on themselves and other similarly situated employees of Framingham Ford Pension Plan (Plan), were participants in Framingham's company-wide pension fund ("The Fund"). The Fund was administered by Jerome K. Chase, Jr., as he was the Trustee of Framingham Ford Defined Benefit Pension Plan Trust Agreement. Plaintiffs seek money damages alleging that the Plan was frozen on April 1, 2007 without proper notice. The Defendant has moved for summary judgment, and for the reasons set forth below, that motion is granted.

**Discussion**

The procedural history of this case is lengthy and complex and I will presume the parties are familiar with it. Count I of the Plaintiff's second amended complaint alleges violation of ERISA §204(h), 29 U.S.C. §1054(h), because the Defendants implemented the "2007 Plan termination without notice."[1] Count II alleges that the Defendant violated ERISA §402, 29 U.S.C. §1102, by allegedly freezing and terminating the plan in 2007 in the absence of a written plan document. As support for these allegations the Plaintiff's Second Amended complaint contains a notice ostensibly distributed to participants on March 14, 2007 advising them that on April 1, 2007 that the Plan benefits would be frozen. Quite simply the Plaintiffs state that they never received this notification in contravention of §204(h).

ERISA 204(h) requires plan administrators to provide participants with timely written notice of any amendment to the plan that causes a significant reduction in the rate of future benefit accrual, (29 U.S.C. § 1054(h)(1)) and provides that where there has been an "'egregious failure' to meet notice requirement, a plan participant is entitled to the greater of (i), the benefit he would have been entitled to 'without regard to amendment' or (ii), his benefits under the plan post amendment'". *Gillis v. SPX Corp. Individual Ret. Plan,* 2007 WL 1031656 at 4. The Defendant has attached affidavits in support of their application for Summary Judgement from five current, and one former employee affirming receipt of the March 2007 notice. These affidavits were produced to the Defendants by the Plaintiffs in discovery.[2]

---

[1] The Plaintiff's allegations that the 2007 Plan "termination" was without notice is in error. The Plan was "frozen" in 2007, and not terminated until 2013.

[2] The Plaintiffs were given access to the names and addresses of the plan participants and reached out to those participants seeking comment on whether they received the 2007 notice.

In addition, the comptroller of Framingham Ford, Julie Loud, avers in her affidavit that she distributed the 2007 memoranda to Framingham Ford employees in March of 2007. That affidavit is bolstered by an affidavit from James Rose who recalls that, "Julie Loud . . . handed me a large stack of envelopes and told me to mail them after I got postage for them. In or around March 2007 I recall bringing the large stack of envelopes given to me by Ms. Loud to Post Office where I purchased postage for all of them and placed them in the mail."

The Plaintiffs claims do not turn on whether the individual Plaintiffs received the notice. Rather, ERISA §204(h) is satisfied unless there has been an egregious failure to meet the requirements of the statute. There is "an egregious failure to meet requirements of this subsection if such failure is within the control of the plan sponsor and . . . (iii) a failure to provide most of the individuals with most of the information they are entitled to receive under this section . . ." There is no evidence in the record before me of such a failure. To the contrary, the record supports that the notices were mailed. Accordingly, ERISA §204(h) is satisfied even if some participants may not have received the March memorandum *Brady v. Dow Chem. Co Ret. Bd.,* 311 F. App'x 626, 632 (4th Cir. 2009).

This evidence combined with the affidavits of employees who did receive the notice demonstrates that the notice was mailed in March 2007. To satisfy their burden on summary judgment, the Plaintiffs must show that most of the employees did not receive the notice at that time. This the Plaintiffs cannot do, and thus cannot prove an essential element of their claim. For this reason I enter summary judgment for the Defendants.

*/s/Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE