UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| EUGENE J. WHITE and SHAWN M. ROY, Individually and on Behalf of all Others Simarly Situated, Plaintiffs, | ) ) ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 15-40013-TSH |
| JEROME K. CHASE, JR., as he is the Trustee of Framingham Ford Defined Benefit Pension Plan Trust Agreement, Adopted in 2002 and again in 2004, Defendant. | ) ) ) ) ) ) | |

## ORDER AND MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR ATTORNEYS' FEES
October 4, 2018

**HILLMAN, D.J.**

### Background

The Plaintiffs, Eugene J. White ("White") and Shawn M. Roy ("Roy"), on behalf on themselves and other similarly situated employees of Framingham Ford Auto Sales, Inc. d/b/a Framingham Ford Lincoln ("Framingham Ford"), filed suit against Jerome K. Chase, Jr. , as Trustee/Plan Administrator ("Defendant") of the Framingham Ford Defined Pension Plan ( the "Plan") alleging claims for violation of the notice requirements set forth in Section 204(h) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1054(h), and ERISA §402, 29 U.S.C. §§1102 and 1104 (governing the establishment of benefit plans). Plaintiffs, who were participants in the Plan, sought money damages on the grounds that the Plan was frozen effective April 1, 2007 without proper notice, and subsequently terminated. On March 30, 2018,

I granted Defendant's motion for summary judgment after finding that the record evidence established that notice of the Plan freeze was timely mailed to Plan participants and therefore, Plaintiffs' claims failed on the merits.

This Memorandum of Decision and Order addresses Defendant's Motion for an Award of Attorney's Fees Pursuant to ERISA §502(g) And F.R.C.P. 54(d)(2)(Docket No. 77) pursuant to which Defendant requests an award of attorneys' fees of $252,561[1]. For the reasons set forth below, that motion is *denied*.

## Discussion

Having prevailed on summary judgment, Defendant asserts that he is entitled to recover reasonable attorneys' fees under ERISA, which permits the court to make such an award to a party that has achieved "some degree of success on the merits."[2] *Gross v. Sun Life Assur. Co. of Canada,* 763 F.3d 73, 76–77 (1st Cir. 2014). "The favorable result must be more than a 'trivial success' or 'a purely procedural victory,' but it is enough if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was substantial or occurred on a central issue… such success [has been described] as a merits outcome [that] produces some meaningful benefit for the fee-seeker."*Id.* (internal quotations, citations and citations to quoted cases omitted). There

---

[1] Defendant has not provided the Court with supporting documentation to verify the amount of alleged attorneys' fees incurred. Instead, citing Fed.R.Civ.P. 54(d)(2)(C), Defendant has requested that the Court first make a finding that Plaintiffs are liable for an award of attorneys' fees before requiring evidentiary support for the award. *See Id.* (The court may decide issues of liability for fees before receiving submissions on the value of services).

[2] " 'ERISA does not provide for a virtually automatic award of attorney's fees to prevailing plaintiffs. Instead, fee awards under ERISA are wholly discretionary.'" *Cook v. Liberty Life Assur. Co. of Boston*, 334 F.3d 122, 124 (1st Cir. 2003).

is no question that Defendant achieved a "degree of success on the merits" which makes him eligible for attorneys' fees under Section 1132(g). However,

> [e]ligibility for attorney's fees is not sufficient to entitle a party actually to receive attorney's fees … and in the First Circuit, a five-factor test is used to review fee requests under ERISA. The factors are:
>
>> (1) the degree of culpability or bad faith attributable to the losing party; (2) the depth of the losing party's pocket, *i.e.*, his or her capacity to pay an award; (3) the extent (if at all) to which such an award would deter other persons acting under similar circumstances; (4) the benefit (if any) that the successful suit confers on plan participants or beneficiaries generally; and (5) the relative merit of the parties' positions.
>
> This test is only a guide. No single factor is determinative, not every factor must be considered in every case, and additional factors should be considered where relevant.

*Hatfield v. Blue Cross & Blue Shield of Massachusetts, Inc.,* 162 F. Supp. 3d 24, 44 (D. Mass. 2016)(internal citations and citations to quoted case omitted).

Although they ultimately lost on the merits, I do not find that the Plaintiffs acted in bad faith. Through the limited discovery permitted by the Court, Defendant was able to definitively establish that appropriate notice of the Plan freeze was mailed to Plan participants. However, Plaintiffs have no recollection of ever receiving the notice and the Court has no reason to doubt that they are sincere in their belief that they did not receive the notice. As to the second factor, Plaintiffs simply state that as former employees of a car dealership, they do not have the means to pay an award, particularly as high as the one that the Defendant is seeking. While it would have been preferable for the Plaintiffs to file a sworn affidavit detailing their inability to pay a significant award, the circumstances of this case suggest that Plaintiffs would not have the resources to pay the amount of money requested by Defendant. The next factor is somewhat neutral. I agree with the Plaintiffs that an award in favor of Defendant would deter a plaintiff who has a good faith belief that his/her right to ERISA benefits has been violated. On the other

3

hand, Plaintiffs arguably pursued this matter long after the Court had made it clear that their case was paper thin and after the record evidence produced by the Defendant and that obtained in the limited discovery permitted by the Court established beyond doubt that their claims were doomed to fail. An award in Defendant's favor could deter a plaintiff from continuing to prosecute his/her suit once it becomes clear it has no merit. Plaintiffs failure to "give up the ship" when it became increasingly clear that their claims were baseless is also relevant to the last relevant factor—the merits of the parties' positions. However, I again find it compelling that the Plaintiffs had a good faith belief that the Defendant did not properly amend the Plan, which led to them being deprived of expected retirement benefits. After limited discovery and production of documentation by the Defendant, the Court ultimately found that the Defendant had not acted improperly. While the Defendant ultimately prevailed, I am not willing to find that Plaintiffs' claims were totally devoid of merit, and I most certainly do not find that they engaged in frivolous or vexatious litigation.

Bearing in mind that the court is not limited to considering the previously enumerated factors, the Plaintiffs have also argued that the motion for attorneys' fees should be denied because the requested award of over $250,000 is "grossly excessive." I will note that this matter was resolved at the summary judgment stage. There was some wrangling which required multiple rounds of briefing of other dispositive motions (none of which was terribly complex), and some limited discovery. Given these circumstances, I agree that the amount of attorneys' fees requested seems to be on the high end of what would be expected. However, Defendant's counsel has not provided any substantive detail regarding the hours spent by attorneys who worked on the case, their rates charged, or the expenses incurred. Under these circumstances, it would be unfair and

inappropriate for me to pass judgment on the propriety of the amount of attorneys' fees charged by Defendant's counsel.

I agree with the Defendant that the Plaintiffs pursued their case beyond the point that it became clear that their claims lacked merit. While that fact makes it a close call, balancing the recited factors and the equities as a whole, I do not find that an award of attorneys' fees is warranted in this case.

## Conclusion

Defendant's Motion for an Award of Attorney's Fees Pursuant to ERISA §502(g) And F.R.C.P. 54(d)(2)(Docket No. 77) is ***denied***.

**SO ORDERED.**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN
DISTRICT JUDGE**